**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
─────────────────────────────────x
In re:
GIBRALTAR GRANITE & MARBLE CORP.

Chapter 7 Debtor.

                                              Case No.: 08-10104 (MBK)

─────────────────────────────────x
JOHN M. McDONNELL, Chapter 7 Trustee

                        Plaintiff,

  - v. -

                                           Adv. Pro. No.: 08-01651 (MBK)

CALLIE LASCH
                        Defendant.
─────────────────────────────────x

**APPEARANCES:**

Joshua A. Raymond, Esq.
Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C.
347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
Attorney for Plaintiff, John M. McDonell, Chapter 7 Trustee

Leonard S. Needle, Esq.
20 Cedar Avenue
P.O. Box 6470
Fair Haven, NJ 07704
Attorney for Defendant, Callie Lasch

**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

This matter comes before the Court by way of an adversary proceeding brought by the Plaintiff, John M. McDonnell, Chapter 7 Trustee for the bankruptcy estate of Gibraltar Granite & Marble Corp., against the Defendant, Callie Lasch. The Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157(b)(2)(A), (B), (F), & (O) and 1334. The adversary proceeding was filed under 11 U.S.C. § 547(b) to recover monies from an alleged preferential transfer of funds to the Defendant. After reviewing all submissions and hearing oral argument, the Court finds that the Chapter 7 Trustee (the "Trustee") has met his burden of proof as to all elements of 11 U.S.C. § 547(b) and has established a *prima facie* case that certain preferential transfers to the Defendant occurred. Additionally, no affirmative defenses under 11 U.S.C. § 547(c) have been raised. As there remains no genuine issues of material fact, the Court will enter summary judgment against the Defendant, pursuant to Fed. R. Civ. P. 56.

Before discussing the elements of 11 U.S.C. § 547(b), the three specific transfers of funds at issue in this case are:

1. Check No. 1390 in the amount of $36,000.00, which cleared on 01/16/07,

2. Check No. 1398 in the amount of $4,900.00, which cleared on 01/17/07, and

3. Check No. 1026 in the amount of $2,880.00, which cleared on 10/24/07.

Complaint by John M. McDonnell, Trustee, against Carrie Lasch, Docket Ref. No. 1. These three checks (the "Transfers") total in the amount of $43,780.00.

Gibraltar Granite & Marble Corp. (the "Debtor") filed for initial bankruptcy relief on January 3, 2008. The Defendant is the wife of Vincent Roggio, the president of the Debtor. The Defendant's relation to the Debtor classifies her as insider, pursuant to 11

2

U.S.C. § 101(31)(B)(vi). According to § 547(b)(4)(B), in the case of insiders, the time period measured for preferential transfers is extended to one year before the date of filing.

The Trustee's complaint states, and the Defendant concedes, that the Defendant is a creditor of the Debtor. Complaint by John M. McDonnell, Trustee, against Carrie Lasch, Docket Ref. No. 1; Trustee's Motion for Summary Judgment, Docket Ref. No. 34. This fact satisfies the first element prescribed in § 547(b)(1). Additionally, the Transfers constitute the "transfer of an interest of the Debtor in property for or on account of an antecedent debt owed by the Debtor before such transfers were made." 11 U.S.C. § 547(b)(2). The Court finds that the Transfers were neither made as a payment of salary, a cash advance, nor for a payment in advance. While the Defendant could not exactly recount the legal reasons for previously providing money to the Debtor—whether it was made as an investment or a repayment of a loan—the Defendant acknowledges that she was a creditor of the Debtor, thus rendering the Transfers as repayment for an antecedent debt owed by the Debtor. This fact satisfies the second element for the Trustee's case, § 547(b)(2).

The next prong in § 547(b) requires that the Debtor be insolvent at the time of the transfer. 11 U.S.C. § 547(b)(3). A debtor is insolvent when its liabilities exceed its assets, based on a fair valuation. 11 U.S.C. § 101(32)(A). The Trustee has provided evidence of the Debtor's balance sheets and tax returns from the periods ending December 31, 2006, and December 31, 2007, to establish that the Debtor was insolvent at the time of the Transfers. The Defendant, on the other hand, has neither rebutted the presumption of insolvency during the ninety-day pre-petition period, 11 U.S.C. § 547(f),

nor for the one-year preferential period designated to inside creditors. In determining insolvency, the Court has applied both the "balance sheet" test, incorporating the substantial shareholder loan obligations, as well as the "cash-flow" or "liquidity" test, whereby the Debtor is unable to pay its debts as they become due. As such, there is no genuine issue of material fact regarding the insolvency of the Debtor; therefore, the Trustee satisfies the third element, § 547(b)(3).

As mentioned, the Defendant's relation with the Debtor classifies her as insider under 11 U.S.C. § 102(31). Thus, the preferential time period extends back to January 3, 2007. The Trustee has established that the Transfers were made by the Debtor to the Defendant within this one-year preferential period:

1. Check No. 1390 in the amount of $36,000.00, which cleared on 01/16/07,

2. Check No. 1398 in the amount of $4,900.00, which cleared on 01/17/07, and

3. Check No. 1026 in the amount of $2,880.00, which cleared on 10/24/07.

Complaint by John M. McDonnell, Trustee, against Carrie Lasch, Docket No. 1. Thus, the Transfers satisfies the forth element prescribed in § 547(b)(4).

The final element for proving a preferential transfer requires that the transfer "enables [the Defendant] to receive more than [she] would receive if—(A) the case were a case under chapter 7 of this title, (B) the transfer had not been made, and (C) [the Defendant] received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C. § 547(b)(5). In a previously Court approved auction, the Trustee liquidated approximately $365,000.00 of the Debtor's assets. Trustee's Motion for Summary Judgment, Docket Ref. No. 34, McDonnell cert. at ¶ 15. According to the

4

Court's Claims Register, the total claims filed against the Debtor as of October, 2008 was $2,277,486.47.  *Id.* at ¶ 16.  After deducting the Trustee's commission, Chapter 7 administration fees, and the like, it is clear that unsecured creditors will not receive anything near a 100% dividend.  As a result, the Defendant has received more from the Transfers than she would have in a Chapter 7 liquidation.  The Defendant has not produced evidence disputing this fact; therefore, there is no genuine issue of material fact with respect to the final element of § 547(b).

Being that the Trustee has clearly proven all five prongs of 11 U.S.C. § 547(b) and that there remains no issues of genuine material fact, the Court will grant summary judgment in favor of the Trustee against the Defendant.  It is so ordered.

Dated: July 14, 2009

							Honorable Michael B. Kaplan
							United States Bankruptcy Judge

5